%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANGELA REITER

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE 04/25/12

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1981 Wallace Ave, Apt. A103, Costa Mesa, CA 92627

Address of Defendant: 501 Prudential Rd, Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. §1692
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 04/25/12 _____ Attorney-at-Law _____ 57100 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/25/12 _____ Attorney-at-Law _____ 57100 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Angela Reiter                           :           CIVIL ACTION
           v.                           :
NCO Financial Systems, Inc.             :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      ( )

04/25/12          Craig Thor Kimmel           Angela Reiter
Date              Attorney-at-law             Attorney for

215 540 8888      877 788 2864                kimmel@creditlaw.com
Telephone         FAX Number                  E-Mail Address


(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA REITER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | (Unlawful Debt Collection Practices) |

## COMPLAINT

ANGELA REITER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Costa Mesa, California 92627.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt and repeatedly contacted Plaintiff when attempting to collect the alleged debt.

12. The alleged debt at issue, an alleged medical bill owed to Riverside Community Hospital, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in December 2011, and continuing through March 2012, Defendant repeatedly and continuously contacted Plaintiff on her cellular telephone in its attempt to collect a consumer debt.

14. Defendant used the timing and quantity of its collection calls as a means to harass Plaintiff.

15. Plaintiff regularly received collection calls from the following number: (888) 853-6950, which the undersigned has confirmed is a telephone number belonging to Defendant.

16. During the relevant period, Defendant contacted Plaintiff, on average, two (2) times a day, sometimes calling as frequently as four (4) times in a day.

17. Additionally, in its attempts to collect a debt, Defendant contacted Plaintiff at times and places where it was inconvenient for her to receive collection calls.

18. Specifically, in March 2012, Defendant called Plaintiff after 9:00 p.m.

19. Also, Defendant called Plaintiff on her cellular telephone while she was at work.

20. On numerous occasions, Plaintiff would answer Defendant's telephone calls.

21. When she did, she would receive a pre-recorded message, or there would be no one on the other end of the line.

22. In those instances where Plaintiff would receive a pre-recorded message, she would go thorough the prompts to speak with a live person; however, she was never able to speak with a live person.

23. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the debt.

24. In addition to making continuous and repeated telephone calls to Plaintiff, Defendant also sent Plaintiff correspondence seeking and demanding payment of the alleged debt. See Exhibit A, January 19, 2012, Defendant's letter to Plaintiff.

25. In its January 19, 2012, letter to Plaintiff, Defendant states, in part, the following:

> If you have applied for a loan, new job, credit card, insurance or an apartment, your credit bureau report may be reviewed. Now is the

time to improve your credit report.

26. The reference to a new job, credit card, insurance and apartment, along with the "term credit bureau report", was intended to deceive the consumer into believing that that non-payment of the debt would result in an unfavorable consequence if the credit report was reviewed.

27. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

    a. Section 1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

    b. Here, Defendant violated §1692c(a)(1) of the FDCPA when it contacted Plaintiff on her cellular phone while she was at work and when it called her after 9:00 p.m.

## COUNT II

29. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.    Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it contacted her almost every day and calling her multiple times a day, with the intent to harass, abuse and annoy Plaintiff.

## COUNT III

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692e.

    a.    Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    b.    Here, Defendant violated §1692e of the FDCPA when it deceived and misled Plaintiff by implying that a negative consequence would occur if her credit report was reviewed.

## COUNT IV

31. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692e.

    a. A debt collector violates §1692f of the FDCPA by using unfair or

unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including repeatedly contacting Plaintiff with a pre-recorded message which stated that she could speak with a live person, and when she followed the prompts to do so, she was unable to speak with a live person.

    c. Also, Defendant violated §1692f of the FDCPA by calling Plaintiff, and then when she would answer, no one would be on the other end of the line and/or providing no pre-recorded message.

WHEREFORE, Plaintiff, ANGELA REITER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGELA REITER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|     |     |     |
| --- | --- | --- |
| 1   |     | RESPECTFULLY SUBMITTED, |
| 2   | DATED: 04/25/12 | KIMMEL & SILVERMAN, P.C. |
| 3   |     | By: _____ |
|     |     | CRAIG THOR KIMMEL |
|     |     | Attorney ID # 57100 |
|     |     | 30 E. Butler Pike |
|     |     | Ambler, PA 19002 |
|     |     | Phone: (215) 540-8888 |
|     |     | Fax: (877) 788-2864 |
|     |     | Email: kimmel@creditlaw.com |

P.O. BOX 15618, DEPT 35
WILMINGTON, DE 19850

44127249/26

**NCO FINANCIAL SYSTEMS, INC.**
10540 White Rock Rd. Suite 250
Rancho Cordova, CA 95670

1338-219
ANGELA LYNN REITER

January 19, 2012
OFFICE HOURS:
MONDAY: 8:00AM - 8:00PM PT
TUE-FRIDAY: 8:00AM - 5:00PM PT

PHONE: 888-853-6950

CURRENT BALANCE DUE: $1435.31
This balance is a sum of balances from 1 account(s).
See Reverse Side for Account Detail

Dear ANGELA LYNN REITER:

If you have applied for a loan, new job, credit card, insurance or an apartment, your credit bureau report may be reviewed. Now is the time to improve your credit report.

If you contact us at our toll free number, or by mail, we can assist you in resolving the account(s). Calls to or from this company may be monitored or recorded for quality assurance.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

You may also make payment by visiting us on-line at www.ncofinancial.com. Your unique registration code is f45.15711882.44127249.1031. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

---

Notice: See Reverse Side For Important Information
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Creditor Reference #: 215669702, ANGELA LYNN REITER
NCO Financial Systems, Inc.
10540 White Rock Rd. Suite 250
Rancho Cordova, CA 95670
PHONE: 888-853-6950

Our Account # ▇▇▇249    Current Balance Due $ 1435.31

Payment Amount
$ _____.__

**PLAINTIFF'S EXHIBIT A**

Make Payment To:

NCO FINANCIAL SYSTEMS, INC-LOS
P.O. BOX 15537
WILMINGTON, DE 19850

NCO 26 P
219

02354412724900000003500000000001435319